[No. 4228. Decided June 24, 1902.]

HERMAN QUANDT _et ux._, _Respondents_, v. C. M. SMITH, _Appellant_.

UNLAWFUL DETAINER — SUFFICIENCY OF COMPLAINT.

In an action of unlawful detainer, the failure of the complaint to expressly set forth plaintiffs' right of possession and leasing of the premises to defendant, would not subject the complaint to demurrer, where the notice to quit, which was attached to and made a part of the complaint by reference, notified defendant, as the tenant in possession, to quit the premises which he held under a tenancy terminating on a date named, and notifying him if he remained in possession thereafter he would be ousted under the provisions of the law relating to unlawful detainer.

SAME — JUDGMENT — SUFFICIENCY OF VERDICT TO UPHOLD DOUBLE DAMAGES.

The court is warranted in giving judgment for double damages on the verdict in an action of unlawful detainer, where the verdict is general, according to a form prepared by the court, and no exception was taken thereto at the time of its

submission to the jury, since under Bal. Code, § 5542, the court could pronounce judgment for double the amount of the verdict, as well as for a restitution of the premises.

TRIAL — IMPROPER EXCLUSION OF TESTIMONY — HOW CURED.

Error committed by the court in excluding testimony when first offered is cured by subsequently permitting its introduction.

Appeal from Superior Court, King County.—Hon. ARTHUR E. GRIFFIN, Judge. Affirmed.

*S. M. Shipley* and *A. G. McBride,* for appellant.

*Ralph Simon,* for respondents.

The opinion of the court was delivered by

WHITE, J.—This action was instituted by the respondents to obtain restitution of the premises described in the complaint, and damages for the unlawful detention thereof. The proceedings are under an act entitled "An act defining forcible entry, forcible detainer, and unlawful detainer of real property, and providing remedies therefor by summary proceedings." Laws 1891, p 179; Bal. Code, §§ 5525-5552, inclusive. The second paragraph of the complaint is as follows:

"That heretofore, towit: on or about August 6, 1901, said plaintiffs leased to said defendant those certain premises situated in the city of Seattle, King county, Washington, described as follows, towit: the saloon and premises known as the 'Palmer House Cafe' situated on the first floor of the building at the northeast corner of Main street and Occidental avenue, now known as the 'Palmer House Bar;' that said premises were leased to said defendant for an indefinite time from month to month commencing on the 8th day of each month and ending on the 7th day of the following month."

It is further alleged that more than twenty days prior to the expiration of a monthly period of said tenancy re-

666             QUANDT v. SMITH.

Opinion of the. Court—WHITE, J.       [28 Wash.

spondents caused to be served personally upon the appellant a notice in writing terminating the tenancy. The notice is attached to and made part of the complaint. It is signed by the respondents, and is addressed "To C. M. Smith, tenant *in possession.*" It recites: "You are hereby notified that the tenancy by which you hold those certain premises," etc. Then follows a description of the premises, and the time of the monthly commencement and termination of the tenancy, and notice of the termination of the tenancy on September 7, 1901, at 12 p. m. The notice concludes as follows: "You are therefore now hereby required to quit the aforesaid premises at the expiration of said tenancy as aforesaid, and if you remain *in possession* thereof thereafter you will be guilty of unlawful detainer and will be ousted therefrom as provided by law." It was further alleged that said appellant had refused to vacate said premises as in the notice required, and that he did unlawfully detain the premises. The reasonable rental value is alleged to be $500 per month, and damages in that sum from September 8, 1901, are claimed, as well as double damages. The prayer is for the restitution of the premises and for damages as alleged, and for a writ of restitution. A trial was had, and the jury returned a verdict, omitting the title, in the words following: "We, the jury in the above entitled cause, do find for the plaintiffs in the sum of $175." On this verdict a judgment for restitution of the premises was entered, as well as a judgment for $350, double damages and costs.

The appellant's first assignment of error is that the complaint does not state facts sufficient to constitute a cause of action. This objection was interposed at the commencement of the trial. The appellant urged that

it was not alleged in the complaint that prior to the commencement of the action the respondents were in possession or entitled to the possession, or ever had any right of any kind whatsoever over the premises; that there is no allegation that the appellant was put in possession by the respondents; that the allegations in regard to the leasing by the respondents to appellant are insufficient and vague; that there is no sufficient allegation in the complaint connecting the respondents with any right to the possession of the premises. We think the complaint, taken in connection with the notice, which was made part thereof, is sufficient to show that the appellant was in possession of the premises under the alleged lease. The complaint was not demurrable. The possession of the appellant under the alleged lease can be reasonably inferred from the matters which are set forth. This is sufficient. *Harris v. Halverson,* 23 Wash. 779 (63 Pac. 549).

The appellant assigns as error the entry of the judgment for restitution and for double damages on the verdict. Section 5510, Bal. Code, upon which the appellant relies, has no application to summary proceedings under the act of 1891, *supra.* The section applicable to the verdict in summary proceedings is § 5542, Bal. Code. It provides, "If upon the trial the verdict of the jury, or if the case be tried without a jury the finding of the court, be in favor of the plaintiff and against the defendant, judgment shall be entered for the restitution of the premises," etc. Nothing is said as to the form of the verdict. Here the verdict was in favor of the plaintiff for $175. Under the pleadings this amount was for damages for the unlawful detention of the property. Under § 5542, *supra,* the court was expressly authorized to pronounce a judgment for double this amount

as well as for restitution of the premises. The verdict rendered is in effect a general verdict. Such a verdict determines all the material questions of the controversy properly pleaded in favor of the party for whom the verdict is rendered. The jury could not have found a verdict for damages unless it necessarily found that the defendant unlawfully detained the premises. Besides, the court prepared two forms of verdicts, and said to the jury when they were about to retire to deliberate: "I have two forms of verdict prepared, gentlemen; one, giving the title and number of the cause, 'We, the jury in the above entitled cause, do find for plaintiff in the sum of $——.' If you find for the plaintiff, fill in the amount you find in their favor. And the other, 'We, the jury in the above entitled cause, do find for the defendant.' " No exception was taken to this instruction of the court, and objection to the form of the verdict, under such circumstances, should not now be entertained.

The appellant set up as a separate defense that he entered into a verbal agreement with the respondents whereby the premises were let to him for the period of one year, from July 30, 1901, to the 29th of July, 1902, at the agreed monthly rental of $156 per month, to be paid on the 8th day of each and every month; that appellant has performed and kept the conditions to be performed by him. The reply denied the allegations of the answer as to the separate defense. The appellant attempted to show that, in addition to the $156 per month which he was to pay to the plaintiffs, he was to pay to the Seattle Brewing & Malting Company the sum of $50, on the 20th day of each and every month, for license money advanced by said Brewing & Malting Company when the license to carry on the business of selling spirituous liquors on the leased

premises was secured; that on the 20th of July, the 20th of August, and the 20th of September this amount was paid by the appellant to the Brewing & Malting Company. The court excluded the testimony as immaterial, to which an exception was taken. The exclusion of this testimony is assigned as error. Afterwards the offer was renewed, and the appellant, over the objection of the respondents, was permitted to show the payment of this money to the Brewing & Malting Company. If error was committed in excluding the testimony when first offered, it was cured by the subsequent action of the court in permitting the appellant to introduce the testimony.

The judgment of the court below is affirmed, with costs to the respondents.

REAVIS, C. J., and FULLERTON, HADLEY, ANDERS, DUNBAR and MOUNT, JJ., concur.