[No. 6715. Decided June 17, 1907.]

JACOB MADES *et al., Respondents,* v. CONRAD HOWALDT, *Appellant.*[1]

LANDLORD AND TENANT—ORAL LEASE—TENANCY FROM MONTH TO MONTH—TERMINATION—NOTICE. An oral lease for the term of one year, with monthly rent reserved, payable in advance, creates a tenancy from month to month, and may be terminated by proper notice given the requisite time before the end of any month.

Appeal from a judgment of the superior court for King county, Morris, J., entered October 13, 1906, upon the verdict of a jury in favor of the plaintiffs by direction of the court, in an action of forcible entry and detainer. Affirmed.

*E. F. Kienstra,* for appellant.

*Geo. McKay* and *Thos. B. MacMahon,* for respondents.

RUDKIN, J.—On the 1st day of June, 1906, the plaintiffs made an oral lease of the premises in controversy to the defendant for the term of one year from that date, at a rental of $7 per month, payable monthly in advance. At the time of making the lease, the defendant paid the first month's rent, and entered into possession of the demised premises. On the 2d day of July following, the monthly rental for July was paid, and on the same date the plaintiffs served a written no-

[1]Reported in 90 Pac. 588.

tice on the defendant requiring him to vacate and surrender possession on August 1st. The defendant refused to comply with the requirements of this notice, and the present action was instituted, under the forcible entry and unlawful detainer statute, to recover possession and for double damages. The case came on for trial before a jury, but as soon as the nature of the lease was disclosed, the court determined, as a matter of law, that the defendant was a tenant from month to month only; and, it appearing that the tenancy had been terminated in the manner provided by law, a judgment was directed in favor of the plaintiffs. From that judgment the defendant appeals.

In *Richards v. Redelsheimer*, 36 Wash. 325, 78 Pac. 934, it was held that, "If an oral contract of lease is good at all, it must come under § 4569 [Bal. Code], and be construed to be a lease from month to month, and then only where the tenant has been put into possession."

In *Watkins v. Balch*, 41 Wash. 310, 83 Pac. 321, the court said:

"An oral lease, therefore, where possession of the property has been taken, is not void *in toto*, but it may not be a lease for the term agreed upon. If the rent reserved is to be paid periodically it is a lease good for one of such periods, but subject to be terminated at the end thereof, or at the end of any other of such periods. Thus, under the statute, where one enters into the possession of real property under an oral lease for a definite time with periodic rent reserved, he is not a tenant for the time agreed upon, but a tenant from period to period, corresponding to the times on which rent is payable. Such a lease can be terminated, as the statute provides, by written notice given at the prescribed time before the end of such period."

In this case the lease was oral, the rent reserved was payable monthly, and the tenancy might be terminated by proper notice given the requisite time before the end of any month. The court below properly ruled, therefore, that the appellant was holding over unlawfully after the termination of his ten-

ancy.   The appellant further contends that the court al-
lowed double damages for the July rent which had already
been paid.   The contrary appears from the record.   The final
judgment was entered on October 13th, and the court com-
puted the rental at the stipulated rate of $7 per month for
two months and thirteen days, or from August 1st to October
13th.

Finding no error in the record, the judgment is affirmed.

HADLEY, C. J., FULLERTON, CROW, MOUNT, ROOT, and
DUNBAR, JJ., concur.