[No. 8555. Department Two. February 25, 1910.]

L. M. NEWMAN, *Respondent*, v. E. H. WORTHEN *et al.*, *Appellants.*[1]

LANDLORD AND TENANT—UNLAWFUL DETAINER—NOTICE TO QUIT—SUFFICIENCY. A notice to quit under the unlawful detainer act, Rem. & Bal. Code, § 812, subdiv. 2, is not objectionable in that it purports to terminate the tenancy on the last day of the month rather than on the date the notice was given, to take effect at the end of the month.

SAME. A notice to quit a monthly tenancy expiring at the end of the month, may properly notify the tenant to vacate on the last day of the month instead of at the end of the month, where it was served twenty days prior thereto.

SAME—DEFENSES—TENDER OF RENT. Under a tenancy from month to month, tender of rent for the months of May and June before the

[1]Reported in 107 Pac. 188.

commencement of the action is no defense to the action of unlawful detainer upon proper notice terminating the tenancy at the end of the month of April.

SAME—DOUBLE DAMAGES. Rem. & Bal. Code, § 827, requires judgment to be entered in unlawful detainer of leased premises, for double the sum found as damages for the unlawful detention.

Appeal from a judgment of the superior court for King county, Clifford, J., entered September 14, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action of forcible entry and detainer. Affirmed.

*Fred H. Lysons*, for appellants.

*Byers & Byers*, for respondent.

DUNBAR, J.—This is an action for forcible entry and detainer. The amended complaint alleged, the leasing of the premises by the respondent to the defendants, on a month to month tenancy at $75 a month, payable in advance; that notice to terminate the tenancy was given on April 10, 1909, and served on the defendants, and demand in writing to that effect; that the defendants failed, neglected, and refused to vacate said premises on April 30, 1909, and did not vacate the said premises until the expiration of June 30, 1909; alleging damages in the sum of $150. The answer denied generally the allegations of the complaint, but admitted the occupancy of the premises, and alleged tender by defendants to the plaintiff, before the commencement of this action, of the rent in full for the months of May and June. The cause proceeded to trial before the court without a jury, and at its conclusion the court found substantially the matters alleged in the complaint. From its findings of fact the court made its conclusions of law, as follows: That the plaintiff is entitled to a judgment against the defendants in the sum of double the amount of damages mentioned in the findings of fact; that is to say, in the sum of $300. From this judgment, this appeal is taken.

There are several assignments of error, but they all, with one exception perhaps, are involved in the question of whether the notice was sufficient to terminate the tenancy. Unlawful detainer is defined in Rem. & Bal. Code, § 812, subd. 2, as follows:

"When he [following other provisions], having leased real property for an indefinite time, with monthly or other periodic rent reserved continues in possession thereof, in person or by subtenant, after the end of any such month or period, in cases where the landlord, more than twenty days prior to the end of such month or period, shall have served notice (in manner in this act provided), requiring him to quit the premises at the expiration of such month or period."

The notice which was served in this case was as follows:

"NOTICE TO QUIT.
"To Worthen & Company, or occupants:
"Notice is hereby given and extended that you are hereby required to quit, surrender up and deliver to West & Wheeler, the possession and occupancy of those certain premises described as follows, to-wit: 318 E. Pike Street, Seattle, Washington, which you hold of me; and to remove therefrom and vacate said premises on or before the 30th day of April, A. D. 1909, pursuant to the statute in such case made and provided; and you are further notified that on said 30th day of April, A. D. 1909, the relation of landlord and tenant heretofore existing between the undersigned and yourselves will thereupon cease and terminate. You are further notified that, in case of your failure so to do, you will be guilty of unlawful detainer and liable to an action for such unlawful detainer.    L. M. Newman, Owner,
                    "By West & Wheeler, Inc., Agents."

The first objection to this notice is, that it purports to terminate the tenancy and sever the relation of landlord and tenant on the 30th day of April, which is during the period of the tenancy; that the notice ought to have stated that it was terminated at the time the notice was given, such termination to take effect at the end of the month ending April 30. This criticism to our minds is highly hypercritical. If a strict, legal construction should be placed upon the manda-

tory provision of the statute to notify, the announcement which it is claimed by the appellants ought to have been made by the owner, that he terminated the lease, such termination to take effect at the end of the month, would amount to nothing; for the termination could not take effect under the provisions of the law before the end of the month, notwithstanding the announcement in the notice.

It is claimed by the appellants that the notice was defective in that it attempted to terminate the tenancy during the month of April; that is, on the 30th day, instead of at the expiration of the month, as the statute provides. It is conceded that it was served more than twenty days prior to the expiration of the month, and it seems to us that this concession carries with it the concession that it must have been served more than twenty days prior to the time fixed in the notice for the vacation of the premises. Under the strict construction contended for by the appellant, it is true it would not be subject to the action of forcible detainer until the last minute of the last day of April 30; but the same strict construction would prevent its occupancy of the premises on the first minute of the first day of the next month. So that it behooved it under the law to vacate the premises during the month of April. It is evident to our minds that a person of ordinary understanding would have no difficulty in determining from this notice that he was required to vacate the premises before the first day of May, and that, if he continued on the premises after that time, it was because he desired to do so in spite of the notice given by the owner.

Under the testimony there can be no question of the amount of the damages which the respondent was entitled to, and if our construction of the notice is correct, the tender pleaded by the appellants was of no effect. Neither can there be any question, under the provisions of the statute, in relation to the double damages. Rem. & Bal. Code, § 827, among other things, provides as follows:

"The jury, or the court if the proceedings be tried without a jury, shall also assess the damages occasioned to the

plaintiff by any forcible entry, or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial, and if the alleged unlawful detainer be after default in the payment of rent, find the amount of any rent due, and the judgment shall be rendered against the defendant guilty of the forcible entry, forcible detainer, or unlawful detainer for twice the amount of damages thus assessed and of the rent, if any, found due."

It is also contended that the court erred in finding that, on April 10, 1909, the respondent caused to be served on the appellants the demand in writing above referred to. There is some conflict in the testimony on this proposition, but from an examination of the testimony we do not feel that we would be justified in interfering with the finding of the court in that regard.

The judgment will be affirmed.

RUDKIN, C. J., PARKER, MOUNT, and CROW, JJ., concur.