[No. 9310. *En Banc.* April 24, 1911.]

## W. L. O'CONNELL, *Respondent,* v. T. ARAI et al., *Appellants.*[1]

LANDLORD AND TENANT—UNLAWFUL DETAINER—SERVICE OF NOTICE
—PROOF—TRIAL—RECEPTION OF EVIDENCE. Judgment for plaintiff in
an action for unlawful detainer will not be reversed on the ground
that proof of service of the notice was not made and the notice itself
not received in evidence, where the case was reopened to supply the
proof and plaintiff testified to making the service, and the notice
itself was on file; and a ruling that affidavit of service was not nec-
essary in view of plaintiff's testimony and the return of the service
of notice, shows that the notice on file was not intended to be ex-
cluded.

ACCORD AND SATISFACTION—PART PAYMENT—ACCEPTANCE OF CHECK
—EVIDENCE—SUFFICIENCY. Accord and satisfaction of rent, due in
the admitted sum of $600, is not shown by the retention of a check
for $460, sent to the lessor in satisfaction of the rent, with a claim
for a reduction in the rent of $140 on account of street obstructions
for ten days, where it was not stated that the check should be re-
turned if the claim was not allowed, and the lessor promptly disal-
lowed the claim and demanded the balance of the rent.

LANDLORD AND TENANT—UNLAWFUL DETAINER—JUDGMENT—DOUBLE
RENT. In unlawful detainer, Rem. & Bal. Code, § 827, expressly re-
quires judgment for double the amount of rent due, where no dam-
ages are claimed.

LANDLORD AND TENANT—LEASE—STIPULATED DAMAGES—UNLAWFUL
DETAINER. A clause in a lease providing for an initial deposit as
stipulated damages in case the lessee does not faithfully pay the
rent and perform all the covenants and conditions of the lease, re-
fers only to a violation of the contract, and does not relate to the
penalty for unlawful detainer, fixed by Rem. & Bal. Code, § 827, at
double the amount of rent due.

Appeal from a judgment of the superior court for King
county, Yakey, J., entered December 5, 1910, upon findings
in favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action for unlawful detainer. Af-
firmed.

*Fred H. Peterson* and *Philip D. Macbride,* for appellants.

*F. C. Reagan,* for respondent.

[1] Reported in 115 Pac. 95.

MOUNT, J.—Action for unlawful detainer. Judgment was entered in favor of the plaintiff as prayed for in his complaint, and defendants have appealed.

It appears that on January 1, 1909, the plaintiff leased lot 4, block 32, Maynard's addition to Seattle, to defendant Arai for a period of three years, at a rental of $785 per month. This property was located within what was known as the Jackson street regrade district, in Seattle, and the written lease provided that the plaintiff should make alterations in the premises so as to conform same to the street regrade when completed. On April 30, 1910, the parties to the lease entered into a written modification of the original. In the modification it was agreed that the plaintiff might have such time as was most convenient to adapt the premises to the regrade, and until that was done the rental was reduced to $600 per month. On June 1, when the rent for that month became due, the attorneys for the defendants wrote a letter to the plaintiff, claiming a further reduction of rent in the sum of $140, because, as stated in the letter, certain stores on the premises were obliged to suspend business for a period of ten days while a temporary walk was being built. This letter closed by saying: "You will find check inclosed for $460 rent for the month of June, 1910, the balance of $140 being retained in satisfaction of the above claim." The plaintiff received this letter and cashed the check for $460, and on June 17, 1910, wrote a letter to the defendant Arai denying his right to make any deduction from the $600 rent due, and notifying him that, unless the $140 was paid by June 20, proceedings would be taken to collect the same. Counsel for the defendants replied to the letter, saying that the acceptance of the $460 check constituted a settlement of the rent. Thereafter on June 20, 1910, the plaintiff caused a notice to be served upon the defendants, notifying them that the rent was due, and to pay the same within three days or quit the premises, and that upon failure to pay or quit they would be guilty of unlawful detainer under the statute.

Defendants refused to pay rent due or to quit. Thereupon this action was brought, setting up the facts, and praying for the amount of rent due to the time of the judgment, that the rent be doubled, and that the lease be declared forfeited.

When the complaint was filed, a bond in the sum of $2,000 was fixed by the court, and a writ of restitution was issued. The defendants thereupon were permitted to give a counter bond in the sum of $4,000, and to retain possession of the premises pending the litigation, which they did. The defendants for answer denied that there was any rent due, and denied that notice had been served as alleged in the complaint, and also set up an affirmative plea of accord and satisfaction. Upon the trial of the case to the court without a jury, the court found the issues in favor of the plaintiff, and that the rent due at the time of the trial amounted to the sum of $3,740. The court thereupon entered a judgment for double the amount of rent due, and for possession of the premises, and declared the lease forfeited. The defendants have appealed from that judgment.

When the plaintiff had rested his case, the defendants moved the court to dismiss the action, upon the ground that there was no proof of the service of notice to pay rent or quit. The court thereupon permitted the plaintiff to reopen his case and supply his proof. His counsel thereupon testified, in substance, that he served the notice upon the defendants, most of them personally. The counsel thereupon offered to file his own affidavit of service which was attached to a copy of the notice, and an objection was made thereto and sustained, the court saying: "His testimony is in. The return of the service of the notice, I think, is all the required legal proof of the service." The court then denied the motion to dismiss, and the notice and affidavit were then filed by the clerk. Defendants now argue that there was no proof of service of the notice, and that the court erred in denying the motion to dismiss. *Lowman v. West*, 8 Wash. 355, 36 Pac. 258, is cited to the effect that, "the tenant has a right to

stand upon the proof of the exact service required by the statute," which is no doubt correct. It is not claimed that such service was not in fact made, but it is argued that the notice itself was not received in evidence. We think the court did not intend to exclude the notice itself. It was in fact filed, and was served; it was sufficient in form and substance, and evidently the court considered it. If it was not received formally in evidence, it clearly should have been, and we shall now consider it so. It would be an idle thing for this court to reverse the judgment and remand the case solely for the purpose of making the proof which now appears in the record.

The defendants also argue that the evidence shows an accord and satisfaction, by reason of the fact that the plaintiff received and credited the defendant Arai with the check for $460. This check was not tendered to the plaintiff conditionally. The amount of rent due was $600. The defendant made a claim that the rent should be reduced $140 on account of a change in the sidewalk. He said in his letter making the claim: "You will find inclosed check for $460 rent for month of June, 1910, the balance of $140 being retained in satisfaction of the above claim." The plaintiff denied the right of defendant to make the deduction, and notified him of that fact and that he must pay the balance; whereupon defendant responded by saying that the acceptance of the check constituted a settlement of the claim. There was no dispute between the parties as to the amount of rent due. This was fixed at $600. The matter of the reduction or offset on account of the sidewalk had not been mentioned by the parties until the defendant sent his check for $460 and asked to be allowed the balance as an offset. The letter did not state that, if the claim was not allowed, the check should be returned. The acceptance of the check under these conditions did not constitute an accord and satisfaction. *Fremont Foundry & Machine Co. v. Norton,* 3 Neb. (Unof.) 804, 92 N. W. 1058.

Defendants also argue that the court erred in entering judgment for double the amount of rent due. The statute expressly provides for this at Rem. & Bal. Code, § 827. In construing this provision of the statute in an action of the same character, we said, in *Hinckley v. Casey*, 45 Wash. 430, 88 Pac. 753:

"The plain reading of the statute is that the court or jury shall assess the damages, and find the amount of rent due, if the action is prosecuted for the nonpayment of rent, and that the court shall thereupon double the amount of the damages and rent. . . . The penalty is not imposed for the nonpayment of rent, as the defendants suggest. If it were, the act could not be sustained on constitutional grounds. The penalty is imposed for the refusal to surrender possession on the termination of the tenancy, whether it be terminated by the terms of the lease for nonpayment of rent, or for any of the other causes specified in the statute. The question is not a new one in this court. Double damages were allowed in *Hart v. Pratt*, 19 Wash. 560, 53 Pac. 711; *Quandt v. Smith*, 28 Wash. 664, 69 Pac. 369, and *Bond v. Chapman, supra*. Each of these cases was for an unlawful detainer, and in neither case was the tenancy terminated for the nonpayment of rent."

In this case no damages were claimed aside from the rent, and the case falls squarely within the statute.

The lease between the parties contained this provision:

"$785 payable on the execution of this lease as a deposit, that the lessee shall faithfully pay the rent as provided in this agreement, and perform and fulfill all the covenants and conditions of this lease. But in case the said lessee does not pay the rent as provided in this agreement, or does not perform and fulfill the covenants of this lease, then it is mutually agreed that $785 shall be retained by the lessor as liquidated damages."

The defendants contend now that this provision fixed the amount of damages, and that the court therefore erred in awarding a larger sum. It is plain that the provision above quoted refers only to a breach of the contract itself; as, for example, if the plaintiff should quit the premises before the

lease expired, or some other such violation of the terms of
the lease, then the damages are fixed by the lease. This pro-
vision does not relate to the penalty for unlawful detainer,
or an illegal holding over after the lease has terminated. The
statute above referred to fixes the penalty in such cases, and
this provision does not undertake to waive the provision of
the statute in this respect. The court made no finding of
damages, and none were adjudged.

We find no error, and the judgment must therefore be af-
firmed.

DUNBAR, C. J., PARKER, CROW, and GOSE, JJ., concur.