[No. 14800. Department One. December 28, 1918.]

LOWRY ARMSTRONG *et al., Respondents,* v.
MARY BURKETT, *Appellant.*[1]

LANDLORD AND TENANT (42)—ORAL LEASE—MONTH TO MONTH—
STATUTE. Rem. Code, § 8802, providing that leases may be in writing
or print and shall be valid for any term not exceeding one year
without acknowledgment, witnesses, or seal, has no application to
an oral lease, which can be sustained only as a lease from month
to month.

SAME (42)—ORAL LEASE—ESTOPPEL. The mere possession, pay-
ment of rent, building up and conducting of a business in the
usual way for the sole benefit of the tenant, does not make an oral
lease good for a definite term, on the theory of estoppel, without
some further benefit to the landlord or injustice to the tenant.

SAME (147)—FORCIBLE ENTRY AND DETAINER—DOUBLE DAMAGES.
In an action for unlawful detainer by a tenant, Rem. Code, § 827,
authorizes judgment for double the amount of rent accrued; not-
withstanding the defendant tendered and paid into court the amount
due up to the time of trial, contesting only the landlord's right to
reenter.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered December 10, 1917,
upon findings in favor of the plaintiffs, upon discharg-
ing the jury, in an action of forcible entry and de-
tainer. Affirmed.

*George L. Spirk,* for appellant.

*T. W. Bassett* and *Tucker & Hyland (S. H. Steele,*
of counsel), for respondents.

CHADWICK, J.—Plaintiffs brought this action in for-
cible entry and detainer. Defendant answered, setting
up that she had leased from the then owner of the prem-
ises, a storeroom in the building now owned and occu-
pied by the plaintiffs, for the term from April 15, 1916,
to October 15, 1916, at $20 per month, with option to

[1]Reported in 177 Pac. 333.

extend the lease for a further period of six months, or until April 15, 1917. Upon the expiration of the written lease, the owners gave her until May 1, 1917, to decide whether she would continue in the occupation of the premises for a term ending April 15, 1918. She alleges that she paid the rental for the half month between April 15, 1917, and May 1, 1917, and that plaintiff leased the premises to her for the eleven and one-half months ending April 15, 1918. Rent was paid on May 15. On June 2d, plaintiffs served notice on defendant that her tenancy would terminate on August 15, 1917, with a demand that she surrender possession on or before that day. Defendant paid her rent up to August 15, but refused to vacate, whereupon plaintiffs brought this action.

The case came on for trial before a jury. After opening statements had been made, both by counsel for plaintiffs and for defendant, counsel for plaintiffs moved that the court direct a verdict upon the ground that no legal defense to the action had been set up in the affirmative answer, and upon the further ground that the statement of counsel, if sustained by evidence, would not constitute a defense to the action. Counsel for defendant, after some parley with the court, also moved for a judgment. We are following the history of the trial as recited in the briefs, for we find no statement of facts or bill of exceptions. The court thereupon dismissed the jury, and found the amount of the rent then accrued to be $80, which was doubled under the penal provisions of the statute, Rem. Code, § 827, and a judgment entered for the sum of $160.

Counsel advances the theory that the lease being for eleven and one-half months—being less than one year—is a valid lease although not in writing. The statute provides that "leases may be in writing or print, or

partly in writing and partly in print, and shall be legal and valid for any term or period not exceeding one year, without acknowledgment, witnesses, or seals." Rem. Code, § 8802. This statute goes no further than to sustain written or printed leases for whatever term provided, or for a term of one year when lacking the formalities demanded of all instruments evidencing an incumbrance upon real estate. Rem. Code, § 8745.

The court properly held that an oral lease for any term can only be sustained as a lease from month to month. *Mades v. Howaldt,* 46 Wash. 450, 90 Pac. 588; *Richards v. Redelsheimer,* 36 Wash. 325, 78 Pac. 934; *Spreitzer v. Miller,* 98 Wash. 601, 168 Pac. 179.

Defendant seeks to avoid the rule by setting up facts which are relied upon to create an estoppel; that, relying upon her contract, she made certain expenditures about the storeroom in the way of shelving, wall cabinets, and in changing the front of the store; that she had built up a business of some proportion; that she was wholly dependent upon the business for her support; that she could not get another location, and that she had ordered goods for the Christmas trade.

But manifestly these things are not matters of estoppel. The things done were all for the benefit of the lessee and were in no sense a consideration going to the entire term. The purchase of goods and the building up of a business, as well as the purchase of seasonable goods, were all incident to the contract. Defendant is charged with the knowledge that her lease was oral and subject to forfeiture from month to month and that she might have provided against such consequence by insisting upon a sufficient contract.

If one who enters into possession of business property can keep possession indefinitely by fitting the premises to the uses and convenience of his particular business, by paying his rent, and by the purchase of goods to meet anticipated trade, possession once obtained would be better than any written lease, for the lessee could continue possession at his own will at the rent first stipulated, and unhampered by the usual covenants and conditions of a written lease.

To make an oral lease good for one year under the theory of estoppel there must be some element of benefit to the landlord aside from the rent reserved, or some injustice to the tenant that a court of equity will not tolerate, as, for instance, where the landlord has made the lease conditioned upon some alteration or improvement that would enhance the value of the property, or where the value of the property lies in the taking of an annual crop. In other words, the mere possession, the payment of rent and the conduct of a business in the usual way and for the sole benefit of the tenant, unaccompanied by circumstances which will create a consideration going to the term, will not make an oral lease from month to month a term lease resting in estoppel. *Matzger v. Arcade Building & Realty Co.,* 80 Wash. 401, 141 Pac. 900, L. R. A. 1915A 288, and the cases cited therein will illustrate and sustain our thought.

Counsel bitterly complains that, having tendered and paid into court the rent from August 15 up to the time of the trial, being for the intervening time, the court should not visit the penalty of the statute upon his client. Our heart is with him and with his client, but the statute, Rem. Code, § 827, must guide our hand. It leaves no legitimate ground for the exercise of our sympathy. The trial judge had no discretion, nor have we. *Newman v. Worthen,* 57 Wash. 467, 107 Pac.

188; *Bond v. Chapman*, 34 Wash. 606, 76 Pac. 97; *O'Connell v. Arai*, 63 Wash. 280, 115 Pac. 95; *Shannon v. Loeb*, 65 Wash. 640, 118 Pac. 823.

It is no answer to say that plaintiffs might have withdrawn the money as it was paid in. A suit pending, it is likely that an acceptance of the amount tendered would have satisfied counsel's theory, a hazard plaintiffs were not called upon to take. It was their privilege to fix the legal rights of the parties as of the day of forfeiture.

Affirmed.

MAIN, C. J., MACKINTOSH, MITCHELL, and TOLMAN, JJ., concur.

ON PETITION FOR REHEARING.
[Department One.   May 9, 1919.]

. PER CURIAM.—In the body of our opinion in this case, we say:

"We are following the history of the trial as recited in the briefs, for we find no statement of facts or bill of exceptions."

Our attention is called to the fact that a statement of facts was on file and a part of the record at the time the opinion was written and for that and other reasons a rehearing should be granted.

We find that counsel is correct in his statement, although by some misprision the statement was not in the files when handed to the writer of the opinion. But appellant lost nothing on that account. We took her case from the brief of her counsel and made ruling of the law upon the facts as we there found them. Our ruling would have been the same whether we based it upon the statement of facts or upon the conclusions of counsel, which we accepted without question.

The petition for rehearing is denied.