[No. 23190. Department One. January 19, 1932.]

KATHERINE WALKER, *Respondent*, v. HARRY MYERS et al., *Appellants*.[1]

*Snively & Bounds,* for appellants.

*Rigg, Brown & Halverson,* for respondent.

[1]Reported in 7 P. (2d) 21.

PARKER, J.—The plaintiff, Mrs. Walker, commenced this unlawful detainer action in the superior court for Yakima county, seeking recovery from the defendants, Myers and wife, of hospital premises in that county owned by her and leased by her to them upon a month to month tenancy; and also recovery from them of double the sum of $1,350, which sum she alleged to be the amount of rent owing to her under the tenancy. The cause proceeded to trial in the superior court, sitting without a jury, and resulted in findings and judgment awarding to Mrs. Walker restitution of the premises and recovery of the sum of $1,592, that being double the amount of rent found by the court owing to Mrs. Walker under the tenancy. From this disposition of the cause, Myers and wife have appealed to this court.

For a period of a year or more immediately preceding April 17, 1929, appellants, as tenants of Mrs. Walker, occupied the hospital premises in question under a month to month tenancy at a rental of one hundred dollars a month. They had then become in arrears in payment of the rent and were contemplating vacating the premises because of their claimed inability to pay the rent, in view of their then much impaired hospital business. Mrs. Walker was so advised. Appellants' negotiations then had with Mrs. Walker led to an arrangement looking to their continued occupancy of the premises free of rent, with a view of Mrs. Walker selling the premises.

On April 17, 1929, a promissory note was given by appellants to Mrs. Walker for the principal sum of $246, payable six months after date with interest. This was for the unpaid balance of forty-six dollars due for the December, 1928, rent and the two hundred dollars due for the January and February, 1929, rent. It was

then agreed that the rent due for March and up to April 17, 1929, be cancelled, and that appellants should remain in occupancy of the premises for five months thereafter, unless sold by Mrs. Walker, without obligation on their part of paying any rent therefor; they agreeing to care for and show the premises to prospective purchasers, and being privileged in the meantime to use the premises for their very much impaired hospital business.

The premises not being sold by Mrs. Walker during that five months' period, she demanded of appellants payment of rent thereafter at one hundred dollars per month. In compliance therewith, appellants from time to time made payments thereon, but became in arrears in making such payments. In October, 1930, Mrs. Walker served upon appellants notice demanding payment of the unpaid rent in the sum of $1,350, claiming that to be the amount of the unpaid rent, and also demanding, in the alternative, that they surrender possession of the premises. This notice and demand were given strictly as provided by our unlawful detainer statute.

Appellants failing to pay or tender any rent owing by them, and failing to vacate the premises, Mrs. Walker soon thereafter commenced this action. The trial judge found that appellants then owed Mrs. Walker for rent the sum of $796, which included the $246 owing on the note of April 17, 1929, concluded that she was entitled to restitution of the premises and recovery in an amount double that sum, and accordingly rendered judgment against appellants in the sum of $1,592, as above noticed.

It is contended in behalf of appellants that the trial court erred in finding them to be indebted to Mrs. Walker for rent in the sum of $796, even assuming that

the $246 note indebtedness should be included therein. This presents questions of fact touching payments made by appellants, cancellation of the rent owing by them up to April 17, 1929, and the dealings of the parties thereafter.

We are satisfied that the evidence warranted the court in finding that the rent owing by appellants, apart from the note indebtedness, amounted to four hundred dollars, but we cannot agree that they so owed any greater sum. It is apparent from the record, though not specifically so stated in the findings, that the court included in its finding of rent due by appellants, apart from the note indebtedness, the rent which was owing by appellants for the month of March and up to April 17, 1929, which was then by agreement cancelled. This is plainly in accord with the trial court's own views expressed in its memorandum opinion. That rent was cancelled by the settlement made on April 17, 1929, when the note was given. This is plainly shown by Mrs. Walker's own testimony.

So we conclude that, apart from the note indebtedness, appellants owed Mrs. Walker at the time of the commencement of the action, when they were deprived of possession of the premises by a writ of restitution, only four hundred dollars for rent. So, under our unlawful detainer statute, Mrs. Walker became entitled to recover against appellants for the rent so owing to her, and to damages for their failure to vacate the premises, in the sum of eight hundred dollars. Rem. Comp. Stat., § 827; *Hinckley v. Casey,* 45 Wash. 430, 88 Pac. 753; *Newman v. Worthen,* 57 Wash. 467, 107 Pac. 188; *O'Connell v. Arai,* 63 Wash. 280, 115 Pac. 95; *Decker v. Verloop,* 73 Wash. 10, 131 Pac. 190.

It is contended that the trial court erred in doubling the $246 note indebtedness, which it mani-

festly did, treating it as a simple rent indebtedness of the same character as the other rent indebtedness. The $246 note indebtedness was not included in Mrs. Walker's original complaint. The note was first introduced in behalf of appellants in connection with evidence relating to their continuing in possession without payment of rent and the cancellation of the rent for March and up to April 17, 1929.

Later, during the trial, counsel for Mrs. Walker moved the court for permission to amend her complaint so as to include this note indebtedness in her claim against them, and have it treated as unpaid rent. Counsel for appellants objected to having that indebtedness so considered, stating as ground therefor "that would increase the damages on the unlawful detainer phase;" meaning, evidently, that that indebtedness should not be considered as a simple rent indebtedness and thus result in doubling that amount in Mrs. Walker's recovery. The court overruled this objection and allowed the amendment to the complaint to be so made; and, as we have already noticed, included the note indebtedness as a part of the total rent indebtedness found by the court to be $796, which sum the court doubled, rendering judgment in the sum of $1,592.

We think so awarding recovery upon the note indebtedness was erroneous. This note, it seems to us, was plainly given in settlement of the rent past due for a part of December, 1928, and for the months of January and February, 1929, and was accepted in full payment of that rent. More, it was for rent of a tenancy which for all practical purposes was terminated by the agreement of the parties at the time of the execution of the note. It is true that appellants continued in occupancy of the premises, but that was for a period of

five months without any obligation to pay rent therefor, and, manifestly, as much for the benefit of Mrs. Walker as themselves, looking to their keeping the premises in a presentable condition and attractive to prospective purchasers.

It seems to us that the statutory double rent and damage right of a landlord against his tenant is not a right which the landlord may successfully invoke, except by a very clear showing of such right. We conclude that Mrs. Walker is not entitled to a double recovery upon the note indebtedness. We do not understand counsel for appellants to seriously argue that the note indebtedness should not be included in the judgment in this case, but that their contention is that it should not be doubled in amount. So, we do not feel called upon to notice the question of whether or not any judgment at all should be rendered in this unlawful detainer case upon that indebtedness.

Contention is made in behalf of appellants that the indebtedness involved in this action is not their community indebtedness, but only the separate indebtedness of Mrs. Myers; this because, as it is claimed, she managed this hospital business as her own. It is true the evidence indicates that she was the manager thereof, but, reading the evidence as a whole, it is apparent that she did so as a representative of the community. We think the court did not err in awarding the judgment in favor of Mrs. Walker against appellants as a community obligation.

Our conclusion is that the judgment must be reversed, and a corrected judgment rendered by which Mrs. Walker shall be awarded against appellants: For rent and damages $800, and for the note indebtedness $246, making in all $1,046, with interest upon the note indebtedness as provided in the note, and interest on the

398

.whole amount of the judgment as the law allows. It is so ordered.

Appellants shall be awarded their costs in prosecuting their appeal in this court.

TOLMAN, C. J., MITCHELL, BEELER, and HERMAN, JJ., concur.