[No. 6606.   Decided February 14, 1907.]

T. D. HINCKLEY *et al.*, *Plaintiffs and Appellants,* v. T. J. CASEY *et al.*, *Defendants and Appellants.*[1]

LANDLORD AND TENANT—UNLAWFUL DETAINER—DOUBLE DAMAGES. In an action for unlawful detainer, Bal. Code, § 5542, requires that the damages assessed by the jury be doubled, irrespective of whether or not the unlawful detainer be after default in the payment of rent.

Cross-appeals from a judgment of the superior court for King county, Albertson, J., entered November 22, 1906, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for unlawful detainer. Reversed.

*Fred H. Peterson* and *H. C. Force* for plaintiffs.

*Casey & Casey* and *Larrabee & Wright,* for defendants.

RUDKIN, J.—This was an action for unlawful detainer and for double damages. The jury returned a verdict in favor of the plaintiffs and assessed the damages for the unlawful detention of the premises in the sum of $150. Judgment was entered on the verdict for a restitution of the premises, but the court refused to award anything more than. single damages as found by the jury. Both parties have appealed from the judgment, but the appeal on the part of the defendants has been abandoned, and the right of the plaintiffs to double damages under Bal. Code, § 5542 (P. C., § 1185), is the sole question for consideration here. That section provides as follows:

"The jury, or the court if the proceedings be tried without a jury, shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial, and if the alleged unlawful detainer be after default in the payment of rent, find the amount of any rent due, and the judgment shall be rendered against the defendant guilty of

[1] Reported in 88 Pac. 753.

the forcible entry, forcible detainer, or unlawful detainer
for twice the amount of damages thus assessed and of the
rent, if any, found due."

Both parties concede that this statute is so plain that it is
not susceptible of construction, and such was the language
of this court in *Bond v. Chapman*, 34 Wash. 606, 76 Pac. 97.
Notwithstanding this concession and adjudication, the con-
structions for which the parties contend are widely different.
The defendants contend that the court can only double
the damages in unlawful detainer cases where the action is
brought for nonpayment of rent (and this is not such a
case). According to their view the statute should be read
as follows:

"The jury—shall also assess the damages occasioned to
the plaintiff by any—unlawful detainer alleged in the com-
plaint and proved on the trial, and, if the alleged *unlawful*
detainer *be after default in the payment of rent,* find the
amount of any rent due, and the judgment shall be rendered
against the defendant guilty of the unlawful detainer for
twice the amount of damages thus assessed, and of the rent,
if any, found due."

In other words they contend that the power of the court
to double the damages is limited or qualified by the phrase,
"And if the alleged unlawful detainer be after default in the
payment of rent." This construction is ingenious but un-
sound. The plain reading of the statute is that the court or
jury shall assess the damages, and find the amount of rent
due, if the action is prosecuted for the nonpayment of rent,
and that the court shall thereupon double the amount of
the damages and rent. The construction contended for by
the defendants disregards both the letter and the spirit of the
statute. The penalty is not imposed for the nonpayment of
rent, as the defendants suggest. If it were, the act could
not be sustained on constitutional grounds. The penalty is
imposed for the refusal to surrender possession on the termi-
nation of the tenancy, whether it be terminated by the terms

of the lease for nonpayment of rent, or for any of the other causes specified in the statute. The question is not a new one in this court. Double damages were allowed in *Hart v. Pratt*, 19 Wash. 560, 53 Pac. 711; *Quandt v. Smith*, 28 Wash. 664, 69 Pac. 369, and *Bond v. Chapman, supra*. Each of these actions was for an unlawful detainer, and in neither case was the tenancy terminated for the nonpayment of rent.

The judgment is reversed and the case remanded, with direction to enter judgment for double damages as prayed in the complaint.

HADLEY, C. J., CROW, DUNBAR, and MOUNT, JJ., concur.