[No. 9651. Department Two. November 16, 1911.]

## W. A. SHANNON *et al.*, *Respondents*, v. SAMUEL S. LOEB, *Appellant*.[1]

LANDLORD AND TENANT—RECOVERY OF PREMISES—UNLAWFUL DE-
TAINER—PAYMENT OF RENT AFTER NOTICE—AUTHORITY OF AGENT. A
statutory notice to vacate leased premises, terminating a lease on
August 31, is sufficient notice that the landlord's agent has no fur-
ther authority to collect rents, and payment to the agent for the
rent of September is not a defense to an action for unlawful detainer
in holding over for that month.

LANDLORD AND TENANT—UNLAWFUL DETAINER—DAMAGES—REMOTE
AND SPECULATIVE DAMAGES. Damages for unlawful detainer of a
dwelling for one month in that the landlord lost a prospective tenant
and was compelled to move from a hotel and occupy the house, can-
not be allowed for the landlord's increased cost for family expenses
for several months while occupying the house, which cost them more
than living at the hotel, as the same is fanciful, remote and specu-
lative.

SAME—DAMAGES—DOUBLE OR COMPENSATORY DAMAGES. Upon the
unlawful detainer of a house for one month after notice terminating
the lease, the landlord is entitled, under Rem. & Bal. Code, § 827,
giving double damages during the detention, to recover double the
rental value for one month, and consequential damages or the rental
value during the next month while the house remained vacant and
unoccupied.

APPEAL—BRIEFS—IRRELEVANT MATTER—EFFECT. The printing of
irrelevant matter in appellant's reply brief is not ground for striking
the opening brief or dismissing the appeal, but only for a rule against
the reply brief.

[1]Reported in 118 Pac. 823.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered March 14, 1911, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action of unlawful detainer. Modified.

*Richard Saxe Jones*, for appellant.

*Bausman & Kelleher*, for respondents.

MORRIS, J.—Respondents brought this action to recover possession of real property unlawfully detained by appellant after the expiration of a three-year lease. Under the lease, the tenancy was initiated September 1, 1907, and expired August 31, 1910. There is some controversy between the parties as to respondents giving appellant permission to occupy the premises from month to month for an indefinite time, subsequent to the expiration of the lease, at the same rental fixed by the lease—$125 per month. Upon this controversy, as upon all other facts in dispute between the parties, the findings were in favor of respondents; and as there was evidence to sustain them, we are, under the rule, disposed to accept them.

There can be no question of the lower court's ruling, however, upon the two points relied upon by appellant for his defense, and upon which there was the greatest controversy. The conditional agreement, under which appellant claims the right of possession for the month of September, 1910 (which was the time of the alleged unlawful detainer), was made, if at all, prior to August 9, upon which day respondents caused to be served upon appellant the customary statutory notice to vacate the premises August 31. This was a plain notification that respondents would not recognize his right as a tenant after that date, and terminated the tenancy with the month of August. He then knew any possession subsequent to August 31 was against the will of respondents. By the terms of the lease, the Bank for Savings was made respond-

21—65 WASH.

ents' agent for the payment of the rent. It had been the custom of appellant to mail his check to the bank the first of each month. On September 1 he sent his son to the bank with a check for $125, which was received by an employee of the bank and placed to the credit of Mrs. Shannon, in whose name the account was carried. On September 3 the vice president of the bank returned the $125 to appellant with a letter in which he stated the bank's authority to receive the rent terminated with the lease on August 31, in addition to which specific instructions had been received to the same effect. This payment could avail nothing to appellant. The lease was sufficient notice to him that the bank's authority to receive the rent terminated with the lease, and any payment to the bank subsequent to that time could not be regarded as a payment of rent which would be binding upon respondents in the face of the notice to quit served on him.

The other findings excepted to by appellant are not made upon controverted questions of fact upon the detainer feature of the cause, but are made by the court based upon the testimony of respondents in aid of the damages claimed by them. The record shows appellant vacated the premises the last of September; that the house remained vacant during October, and that on November 1 the respondents resumed their occupancy of the house, and have since remained in possession; that prior to November 1, respondents, with their family, lived at a hotel, and that they much preferred living at a hotel to housekeeping in their own home; that the family expense at the hotel was $320 a month; that the cost of occupying the home and maintaining the family therein they estimated was between $300 and $400 in excess of the hotel cost; that had the home been vacant in September, they could have rented it for $110 per month under a year's lease. After finding these facts, the court allows respondents $125 rent for September, and $100 a month damages for the months of October, November, December, January, and February; but

finds none for the succeeding six months. The damages and rent found due are then doubled, and judgment awarded for $1,250.

We cannot agree with the lower court in the allowance of damages subsequent to November 1, upon the theory that respondents were damaged in not being able to rent the house, and were compelled to occupy it themselves. Appellant, having unlawfully detained the premises during the month of September, must submit to the double damage rule of the statute during the time of such unlawful detainer; that is, double the rental value, or $250. Because of the unlawful detention during September, respondents were unable to give possession to their prospective tenants, and the house remained vacant during October. The rental value that month is found to be $110. This amount cannot, however, be doubled, since the statute, Rem. & Bal. Code, § 827, only permits the damages occurring and rent accruing during the time of the unlawful detainer to be doubled. There was no unlawful detainer subsequent to the last of September. Hence, from that time, any damage awarded must be compensatory only. So that up to November 1, the greatest allowable damage under the testimony would be $360.

We cannot comprehend the theory under which respondents were allowed damages during their occupancy of the house. It may be, and doubtless is, true, as testified by Mrs. Shannon, that the family prefer hotel life and find it cheaper; but to say that the owner of a home is damaged by living in his own home, because he can live cheaper and more contentedly at a hotel, is carrying the rule of damages beyond the recognition of the law as we view it. Such damages are, to our mind, more fanciful than real, as the law regards damages, and based largely upon the matter of individual taste and preference, which is too remote and speculative for the law to permit. Neither do we think the testimony that it cost more to maintain the home than to live at the hotel adds any element of reality to the damages claimed. The law

has too great a regard for the home and the home life as
the greatest factor for good among our institutions, to per-
mit even an enforced maintenance of the family home, at a
cost greater than the expense of board and room at a hotel,
to be made the basis of a recovery of legal damages. Con-
ceding the wrong to respondents because of appellant's un-
lawful detainer of their home, we cannot find they have been
damaged, under any rule of damages known to the law,
greater than the sum of $360. The fact that the court below
awards damages for the months of October, November, De-
cember, January, and February, only makes it apparent to
us that the damages found are arbitrary. If the court was
correct in finding a legal element of damages, because re-
spondents were compelled to live in their own home those
five months, what reason would deprive them of the benefit
of the same element of damages for the remaining months of
the year, or until such time as this enforced occupancy ceased
and they were able to find a satisfactory tenant? On the
other hand, if they were not damaged by the occupancy of
the home subsequent to March 1, why are they damaged by
virtue of the same occupancy prior to March 1?

Upon the hearing here respondents move to strike appel-
lant's brief and affirm the judgment, upon the ground that
in his reply brief counsel for appellant has reprinted a news-
paper article giving account of a social function at the
home of respondents, in support of his argument that they
suffered no damage by their occupancy of the home. We
could not affirm the judgment because of the improper con-
tents of a reply brief; nor could we strike the main brief for
that reason. We would be limited to a rule against the of-
fending brief—either to strike it as a whole, or make a cost
allowance against it in case it was the brief of the party suc-
cessful here. The offending pages are few in number, and
we are not now disposed to say more than, while the inter-
jection of like matter in a brief may or may not prove inter-
esting reading to the court, it can hardly be said to be of

any value to us in arriving at our decision, which is the only purpose of a brief; and we trust hereafter all counsel in this court will confine their briefs to matters of strict argument, and not make them the medium of either ridicule or humor. The motion is denied.

The judgment is affirmed, except that the amount thereof is here fixed at the sum of $360. Costs to appellant.

DUNBAR, C. J., CROW, ELLIS, and CHADWICK, JJ., concur.