[No. 10911. Department One. April 12, 1913.]

JAMES H. DECKER, *Respondent*, v. LAURETTA A. VERLOOP, *Appellant*.[1]

LANDLORD AND TENANT—UNLAWFUL DETAINER—DEFENSES—TITLE. The title to real property cannot be tried out in an action of unlawful detainer.

SAME—EXISTENCE OF RELATION—ACTS CONSTITUTING. Where, upon the death of his wife, a father permitted his daughter to go into the possession of the community real property, her possession is permissive and she is liable in unlawful detainer for holding over, after notice to vacate or pay rent.

SAME—DAMAGES—RENT DUE. In unlawful detainer, judgment for damages in double the amount of the rent due is proper.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered July 9, 1912, upon the verdict

[1]Reported in 131 Pac. 190.

of a jury rendered in favor of the plaintiff by direction of the court, in an action of unlawful detainer.    Affirmed.

*E. C. Dailey*, for appellant.

*Coleman, Fogarty & Anderson*, for respondent.

MOUNT, J.—Action for unlawful detainer.

The complaint in this action is in the usual form.    It alleged title of the premises in the plaintiff and that in March, 1911, the plaintiff let the premises, together with the furniture therein, to the defendant until such time as the same might be demanded or required by the plaintiff.    That afterwards, on August 1, 1911, the plaintiff demanded the possession of the premises from the defendant, who refused to surrender the possession.    That subsequently, on August 19, 1911, the plaintiff notified the defendant in writing that the rental for the premises from that date forward would be the sum of ten dollars per week.    That the defendant continued in possession, is now in possession, and refuses to vacate the premises.    That afterwards, on the 4th day of October, 1911, plaintiff caused to be served on the defendant a notice to pay rent or quit the said premises within three days.    The defendant refused to quit or to pay the rent as aforesaid.    That there is due on said rental from August 19, 1911, to October 3, 1911, the sum of sixty dollars.    For answer to the complaint, the defendant admitted that the notice was served upon her, denied that there was any rent due, and denied generally all the other allegations of the complaint.    There was no affirmative defense.

The case came on for trial before the court with a jury. Plaintiff testified, in substance, that the defendant was his married daughter; that he consented that she should move upon the premises until such time as he desired her to vacate, and that she did move upon the premises, and afterwards refused to vacate the same.    He also testified that he notified her on the date named in the complaint that unless she vacated the premises he would charge her ten dollars per week rent there-

after; that she failed and refused to pay rent after demand was made therefor, and also refused to vacate the premises. The evidence also showed that a notice in due form was served upon her to pay rent or quit the premises. The defendant testified substantially to the same effect, but offered to show that a deed executed by her mother prior to her death in favor of the father for the premises was void. The court excluded this evidence. The defendant also testified that some of the furniture had been purchased by her from her father and belonged to her. Counsel for the defendant thereupon stated to the court that, if there was any controversy as to the personal property "we will drop it out and let the title to that be decided in some probate action later on." The plaintiff then moved the court for a directed verdict for possession of the premises, and the court sustained this motion, and directed the jury to find in favor of the plaintiff for the restitution of the real property. Judgment was entered to that effect.

The defendant has appealed, and argues, in substance, that inasmuch as the plaintiff alleged ownership of the real property in fee, which allegation was denied by the answer, that the court erred in not admitting evidence to show that the deed from the plaintiff's wife to him was void.

This court has frequently held that title to real property cannot be tried out in an action of this kind. *Monroe v. Stayt*, 57 Wash. 592, 107 Pac. 517, 30 L. R. A. (N. S.) 1102, and authorities there cited. It was stipulated at the beginning of the trial that the real property in question was the community property of the plaintiff and his wife prior to her death, and the defendant admitted that she went into possession of the property by permission of her father, and also that subsequently he had notified her to vacate the premises, which she had refused to do. Her possession of the property was, therefore, clearly permissive, and she was required to vacate upon demand. When she was notified that rental would be charged from the date of the notice, thereafter she was bound to pay such rent or vacate the premises. She refused to do either.

After the notice was served upon her to pay rent or quit, she was clearly holding unlawfully.

The trial court found under the evidence that sixty dollars was due for rent; also, that defendant was unlawfully withholding the premises. The court entered a judgment for double the amount of rental, viz.: $120. This was proper under the rule in the case of *Hinckley v. Casey*, 45 Wash. 430, 88 Pac. 753.

The judgment is affirmed.

CROW, C. J., GOSE, PARKER, and CHADWICK, JJ., concur.