[No. 951-3.    Division Three.    December 13, 1974.]

PATRICK QUEEN, *Respondent,* v. C. J. MCCLUNG *et al.,*
*Appellants.*

*Robert D. McGoldrick,* for appellants.

*Stephen Drummond* (of *Brown & Thayer*), for respondent.

GREEN, C.J.—Plaintiff, Patrick Queen, brought this action in unlawful detainer against the defendants, C. J. and Tina P. McClung, to recover possession of certain real property and for twice the amount of past-due rent. The trial court found defendants in unlawful detainer of plaintiff's property and doubled the entire rent found due. Defendants appeal.

Two issues are presented on appeal: (1) Were defendants given sufficient notice, under RCW 59.12.030, to establish an unlawful detainer; and (2) Under RCW 59.12.170, is all rent found past due and owing to be doubled, or only that rent owing for the period the defendants are found to be in unlawful detainer?

The agreed statement of facts reveals that defendants owned and operated an auto wrecking yard across the street from a lot owned by plaintiff. In 1970 the defendant, C. J. McClung, desired to lease plaintiff's property for temporary storage of his wrecked automobiles. He entered into an oral lease agreement with plaintiff's father whom he thought to be the owner of the lot, at a monthly rental of $30. Although the defendants took possession on March 1, 1971, the plaintiff was not aware of the lease agreement nor the extent of defendants' use of the property until April 1971. Soon thereafter, and periodically in the spring and summer of that year, the parties agreed that rent should be paid but no figure was ever specified.

In late summer of 1971, plaintiff was informed by the Spokane County Planning Commission that the defendants' use of the property was a nonconforming and illegal use that must be terminated. When the plaintiff next saw defendant, he asked him to move off the property. The defendant did not do so.

On October 24, 1972, plaintiff's attorney made written demand on defendants to vacate the premises. The defendants remained and on January 9, 1973, plaintiff served the defendants with a 20-day notice terminating tenancy which required them to quit the premises by January 31, 1973. However, defendants remained in possession until April 1, 1973. In the interim, plaintiff commenced this action in unlawful detainer.

The trial court found that defendants occupied plaintiff's property for 25 months and that rent at $30 per month was past due, totaling $750. The court held defendants' failure to comply with the 20-day notice to terminate rendered defendants in unlawful detainer for the last 2 months of their tenancy and that pursuant to RCW 59.12.170 the amount of unpaid rent over the entire 25-months' tenancy would be doubled. Accordingly, judgment was entered in favor of plaintiff for $1,500 and defendants appeal.

First, defendants contend that compliance with the 3-day notice provision of RCW 59.12.030(3) is a condition prece-

dent to an action in unlawful detainer. Defendants argue that plaintiff's failure to give such notice defeats the court's jurisdiction. We disagree.

■ RCW 59.12.030 consists of six separate sections, each of which outlines different circumstances under which a tenant is guilty of unlawful detainer and the requisite notice. Plaintiff did not elect to proceed under section (3) of RCW 59.12.030 providing for a 3-day notice to pay the back rent or quit the premises. Instead, plaintiff sought to terminate the tenancy and served a 20-day notice on defendants pursuant to section (2) of RCW 59.12.030. That section provides that a tenant under a monthly tenancy is guilty of unlawful detainer when he remains on the premises

> after the end of any such month or period, when the landlord, more than twenty days prior to the end of such month or period, has served notice (in manner in RCW 59.12.040 provided) requiring him to quit the premises at the expiration of such month or period;

The statute is clear that compliance with this section is independently sufficient to establish an action in unlawful detainer. *See Wilson v. Barnes*, 134 Wash. 108, 234 P. 1029 (1925); *Harris v. Halverson*, 23 Wash. 779, 63 P. 549 (1901); Peck, *Landlord and Tenant Notices*, 31 Wash. L. Rev. 51 (1956). The record shows that plaintiff complied with these notice requirements.

■ Secondly, it is defendants' contention that RCW 59.12.170 requires the doubling of unpaid rent only for the period that defendants are found to be in unlawful detainer.[1] We disagree. RCW 59.12.170 provides in part:

> [A]nd, if the alleged unlawful detainer be after default in the payment of rent, [the court shall] find the amount of any rent due, and the judgment shall be rendered

---

[1] *Wooding v. Sawyer*, 38 Wn.2d 381, 229 P.2d 535 (1951); *Shannon v. Loeb*, 65 Wash. 640, 118 P. 823 (1911); *Lochridge v. Natsuhara*, 114 Wash. 326, 194 P. 974 (1921). In each case only unpaid rent for the period of unlawful detainer was doubled. However, these cases are each distinguishable from the present case because only rent for the period of unlawful detainer was in issue.

against the defendant guilty of the forcible entry, forcible detainer or unlawful detainer for twice the amount of damages thus assessed and of the rent, if any, found due.

This language is so plain "that the statute is not susceptible of construction." *Bond v. Chapman*, 34 Wash. 606, 610, 76 P. 97 (1904); *Hinckley v. Casey*, 45 Wash. 430, 431, 88 P. 753 (1907). The statute clearly requires the doubling of all unpaid rent, whether it accrues before or during the period the tenant is found to be in unlawful detainer. This construction was made evident in *Decker v. Vernloop*, 73 Wash. 10, 131 P. 190 (1913), where the court affirmed an award of double rent covering the months before and during the period of unlawful detainer. *See Sowers v. Lewis*, 49 Wn.2d 891, 307 P.2d 1064 (1957); *Hinckley v. Casey*, *supra*.

Judgment affirmed.

MUNSON and McINTURFF, JJ., concur.

Petition for rehearing denied January 9, 1975.