[No. 37325-1-I. Division One. October 28, 1996.]

SPRINCIN KING STREET PARTNERS, *Appellant*, v. SOUND CONDITIONING CLUB, INC., *Respondent*.

*Carmen L. Cook, Nancy Harriss*, and *Williams, Kastner & Gibbs*, for appellant.

*Ralph U. Klose* and *Weston & Associates*, for respondent.

WEBSTER, J. — In this unlawful detainer action, Sprincin, the landlord, appeals the trial court's refusal to award double damages. The tenant, Sound Conditioning Club, relies on an unlawful detainer statute that requires the summons to state "the relief sought." It argues that Sprincin cannot recover double damages because the summons only requested the following: "to terminate your tenancy, direct the sheriff to remove you and your belongings from the property, enter a money judgment against you for fair market value of unpaid rent and/or damages for your use

of the property, and for court costs and attorneys' fees." Despite omitting a request for double damages, Sprincin's summons substantially complied with the statute, thereby invoking the court's unlawful detainer jurisdiction. To the extent authorized by statute, the trial court should have awarded double damages.

We find, however, that awarding double damages for rent accrued while the tenant lawfully possessed the property is unjust and also in conflict with the purpose of our unlawful detainer statute. Consequently, we restrict the double damages penalty for its intended purpose — to penalize the tenant for refusing to surrender the property when the tenancy terminates. We remand to the trial court to recompute the judgment amount.

## FACTS

Sound Conditioning Club, Inc., operates fitness clubs. Since 1984, it leased space in 83 King Street, Seattle. In 1988, Sound and Sprincin executed a five-year lease for that space. By an amendment signed in 1991, they extended the term to December 1997. In the amendment, Sprincin promised to replace an entryway carpet and repaint the entry door and a hallway leading in from the parking garage. It did the work, although allegedly later than promised.

Two years and a month after signing the lease amendment/extension, Sound wrote Sprincin the first in a series of letters alleging that the "deplorable condition" of the common areas was impacting business. In four letters during 1994, Sound alleged that Sprincin made and broke several promises to redecorate and recarpet. It emphasized that it could not compete against fitness clubs who made a better "first impression." And it offered to do the work itself, and deduct the expense over time from its rent obligation. Evidently, Sound did not pay rent for August or September 1994.

Again, Sound refused to pay rent for May or June 1995.

Sprincin then served it with a three-day notice on June 28th, and subsequently initiated an unlawful detainer action. Sound's answer asserted an affirmative defense/counterclaim essentially arguing that Sprincin's failure to maintain the premises breached the lease and caused it substantial damage. The presiding judge shortened time for Sprincin's summary judgment motion seeking possession, rent, and damages. At that hearing, the trial court authorized a writ of restitution and awarded Sprincin a $43,844 judgment, but refused to double it.[1] The court also refused to consider Sound's counterclaim, but stated that Sound reserved "the right to seek to convert this case to an ordinary civil action and to bring its claims in this action after it is converted, . . . ." According to its counsel, Sound vacated the premises and the writ of restitution was recalled before the return date. Sprincin appeals, seeking double rent and double damages. Sound cross-appeals the trial court's refusal to consider its counterclaim.

## DISCUSSION

### A.

*Sufficiency of the Summons to Confer Subject Matter Jurisdiction*

Sprincin appeals the trial court's denial of double damages. Sound argues that Sprincin's failure to demand double damages in the summons precludes a double damages recovery.

 The purpose of a summons is to give certain notice of the time prescribed by law to answer and to advise the defendant of the consequences of failing to do so.[2] An unlawful detainer summons implicates both personal and subject matter jurisdiction: an ineffective summons

---

[1]See RCW 59.12.170.

[2]*Codd v. Westchester Fire Ins. Co.*, 14 Wn.2d 600, 605, 128 P.2d 968, 151 A.L.R. 316 (1942).

deprives the court of personal jurisdiction because the defendant was not properly hailed into court; it also deprives the court of jurisdiction over the unlawful detainer proceeding, which is a special summary procedure.[3] When contending that the trial court correctly denied double damages, Sound's arguments implicate subject matter jurisdiction.[4] They implicate jurisdiction because Sound alleges that the summons does not comply with the statutory requirements for an unlawful detainer, depriving the court of the power to award double damages. Yet a summons confers jurisdiction upon the court when it gives notice according to the statutory requirements, with such particularity and certainty as not to deceive or mislead.[5]

Put another way, a summons is adequate when it substantially complies with the statutory requirements.[6] For example, in *Callison v. Smith*,[7] a foreclosure action, the statute required the summons to direct the defendant to appear and defend "or pay the amount due."[8] Callison's published summons omitted the words "or pay the amount due." Nevertheless, the court held that the summons invoked subject matter jurisdiction:

> In the case at bar, the omission complained of does not seem to us to have been one of such vital importance as to prevent the court from acquiring jurisdiction. The summons by its terms has substantially complied with all the essential provisions of the statute. . . . we fail to understand why the

---

[3]*Big Bend Land Co. v. Huston*, 98 Wash. 640, 646, 168 P. 470 (1917); *Little v. Catania*, 48 Wn.2d 890, 893, 297 P.2d 255 (1956).

[4]*See, e.g., Kelly v. Schorzman*, 3 Wn. App. 908, 913, 478 P.2d 769 (1970).

[5]*Codd*, 14 Wn.2d at 605.

[6]*Sowers v. Lewis*, 49 Wn.2d 891, 894, 307 P.2d 1064 (1957); *Markland v. Wheeldon*, 29 Wn. App. 517, 522, 629 P.2d 921, *review denied*, 96 Wn.2d 1018 (1981); *Spokane Merchants' Ass'n v. Acord*, 99 Wash. 674, 676, 170 P. 329, 6 A.L.R. 835 (1918).

[7]*Callison*, 44 Wash. 202, 87 P. 120 (1906).

[8]3 Ball. Code, § 1751, Laws 1901, cited in *Callison*, 44 Wash. at 204.

chance omission of the words "or pay the amount due," should avoid the service.[9]

In the end, we are concerned with whether the defect precluded the court from acquiring subject matter jurisdiction.[10]

■ Here, the statute requires the summons to include the parties, the nature of the action (in concise terms), the relief sought, the return day, and that the relief sought will be taken against the defendant for failing to appear.[11] Sprincin's summons sought "to terminate your [Sound's] tenancy, direct the sheriff to remove you and your belongings from the property, enter a money judgment against you for fair market value of unpaid rent and/or damages for your use of the property, and for court costs and attorneys' fees." This unquestionably gave Sound notice of the types of relief which could be granted should it fail to appear. Thus, despite the omission of a claim for double damages (which Sprincin did include in its complaint), the summons substantially complied with the unlawful detainer summons statute. Although the description of damages was slightly misleading — because it limited itself to fair market value of unpaid rent — that misstatement is not so vital as to deprive the court of subject matter jurisdiction. Hence, having properly acquired subject matter jurisdiction, the trial court should have awarded rent and double damages to the extent allowed by statute.[12]

Still, Sound argues that this interpretation renders the unlawful detainer summons statute superfluous. That statute, however, is not rendered superfluous. Unless the plaintiff substantially complies with it, the court is

---

[9]44 Wash. at 205.

[10]See Spokane Merchants' Ass'n v. Acord, 99 Wash. 674, 676, 678, 170 P. 329, 6 A.L.R. 835 (1918) (although summons omitted words "exclusive of the day of service," it substantially complied, and court had jurisdiction).

[11]RCW 59.12.080.

[12]RCW 59.12.170.

deprived of subject matter jurisdiction. Thus, if a plaintiff employs a general form of summons,[13] the court lacks jurisdiction to proceed under the unlawful detainer statute and instead can rule only on requests for relief falling within its general jurisdiction.[14] Our interpretation does allow a summons to broadly state the type of relief sought, but it does not render the summons statute superfluous.

## B.

### *Computation of Double Damages*

▇ A tenant defaults by not paying rent. The landlord can then require the tenant to pay within three days or quit. If the tenant continues in possession without paying, the tenant is unlawfully detaining the premises.[15] In an unlawful detainer action, the jury must determine the rent owed (for the period before the three-day notice expired) and also the "damages" resulting from unlawfully detaining the premises:

> The jury . . . shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial, and, if the alleged unlawful detainer be after default in the payment of rent, find the amount of any rent due, and the judgment shall be rendered against the defendant guilty of the forcible entry, forcible detainer or unlawful detainer for twice the amount of damages thus assessed and of the rent, if any, found due.[16]

The measure of "damages" for unlawful detainer is based on the fair market value of the use of the premises.[17] The

[13]*See* CR 4(b)(2) (general summons form).

[14]*Kelly v. Schorzman*, 3 Wn. App. 908, 913, 478 P.2d 769 (1970); *Markland*, 29 Wn. App. 517, 522.

[15]RCW 59.12.030(3).

[16]RCW 59.12.170.

[17]*Lenci v. Owner*, 30 Wn. App. 800, 803, 638 P.2d 598 (1981), *review denied*, 97 Wn. 2d 1014 (1982).

court enters judgment "for twice the amount of damages thus assessed and of the rent, if any, found due."[18] Speaking grammatically, only one interpretation is possible: "of the rent" is a prepositional phrase which can only be attached to the noun "amount."[19] Thus, a literal reading requires the court to double both the "damages" *and* the amount of past due rent.[20]

In *Queen v. McClung*,[21] another division of this court adopted this interpretation. But none of the cases upon which that court relied directly decided that unpaid rent accrued prior to the period of unlawful detainer should be doubled. In *Sowers v. Lewis*,[22] the court approved a doubling of past due rent without discussion; the parties obviously did not raise the issue. Similarly, the court approved double rent in *Decker v. Verloop*,[23] but without analysis, and by relying solely on *Hinckley v. Casey*.[24] Yet the jury in that case assessed damages only for the unlawful detention of the premises, which the court then doubled.[25] In any event, the only case squarely addressing the issue is *Queen v. McClung*, with which we disagree. We believe that a grammatical interpretation of the double damages statute produces an absurd and unjust result — one inconsistent with the policy underlying the statute.

 Courts refuse to literally or grammatically construe statutes when absurd or unjust determinations, inconsistent with the purposes and policies of the statute be-

---

[18]RCW 59.12.170.

[19]Cornelius J. Peck, *A Comment on Damages in Unlawful Detainer Actions in Washington*, 37 Wash. L.R. 451, 454 (Winter 1962).

[20]*See also Bond v. Chapman*, 34 Wash. 606, 609-610, 76 P. 97 (1904) (availability of double damages is so clear that statute is not susceptible of construction).

[21]12 Wn. App. 245, 247-48, 529 P.2d 482 (1974).

[22]49 Wn.2d 891, 307 P.2d 1064 (1957).

[23]73 Wash. 10, 131 P. 190 (1913).

[24]45 Wash. 430, 88 P. 753 (1907).

[25]45 Wash. 430, 430-31.

ing construed, result.[26] Here, the landlord and tenant agreed in a contract to the rent during the tenancy; neither party expected nor bargained for a doubling of the rent during the agreed term. The unquestionable purpose of double damages is to penalize the tenant for the refusal to surrender possession when the tenancy terminates.[27] That penalty is not related to the tenant's wrong if rent that accrued prior to the period of unlawful detainer is doubled.[28] Moreover, it is unjust to penalize a tenant for lawfully possessing property.[29] It offends the rule that unlawful detainer statutes are construed strictly in the tenant's favor.[30] And it insults Washington's general proscription on punitive damages.[31] Moreover, penalizing the tenant for lawful detention would not further the statute's primary purpose of hastening restitution to the owner.[32] In conclusion, the statute authorizes a compensatory award during the lawful possession period (past due rent) and a doubling of damages incurred for the unlawful detainer period.[33]

## C.

### Sound's Counterclaim

Sound cross-appeals, arguing that the trial court should

[26]*Washington Utilities and Transp. Comm'n v. United Cartage, Inc.*, 28 Wn. App. 90, 97, 621 P.2d 217, *review denied*, 95 Wn. 2d 1017 (1981); *State v. Keller*, 98 Wn.2d 725, 729, 657 P.2d 1384 (1983); 2A NORMAN J. SINGER, SUTHERLAND STAT. CONST. § 45.12 (5th ed 1992).

[27]*Hinckley v. Casey*, 45 Wash. 430, 431, 88 P. 753 (1907).

[28]Cornelius J. Peck, *A Comment on Damages in Unlawful Detainer Actions in Washington*, 37 WASH. L.R. 451, 455 (Winter 1962).

[29]*Shannon v. Loeb*, 65 Wash. 640, 643, 118 P. 823 (1911).

[30]*Wilson v. Daniels*, 31 Wn.2d 633, 644, 198 P.2d 496 (1948).

[31]*Dailey v. North Coast Life Ins. Co.*, 129 Wn.2d 572, 574, 919 P.2d 589 (1996).

[32]*Heaverlo v. Keico Indus.*, 80 Wn. App. 724, 733, 911 P.2d 406 (1996); *Kelly v. Schorzman*, 3 Wn. App. 908 at 912.

[33]RCW 59.12.170; *Shannon v. Loeb*, 65 Wash. 640 at 643; *see also Reichlin v. First Nat'l Bank*, 184 Wash. 304, 310, 51 P.2d 380 (1935) (jury instruction which allowed jury to award fair market value *and* lost profits invited double recovery and was erroneous).

have considered its counterclaim for damages. Sprincin contends that the court, vested only with subject matter jurisdiction to hear the unlawful detainer, could not consider Sound's complaints — complaints that primarily related to poorly maintained common areas.

By using the special summons required by the unlawful detainer statute, a lessor invokes a special, limited jurisdiction of the superior court. That jurisdiction only includes the power to decide the right of possession, and the incidental issues of restitution, lease forfeiture, rent, and damages.[34] And until 1973, when the supreme court decided *Foisy v. Wyman*,[35] our courts almost uniformly refused to entertain any set-offs or counterclaims by an unlawful detainer defendant.[36] But in that residential unlawful detainer case, the court considered a defense which directly affected the amount of rent due — breach of the implied warranty of habitability. Still, there the court was faced with both fundamental and extreme defects: lack of heat, no hot water tank, broken windows, a broken door, water running through the bedroom, an improperly seated and leaking toilet, a leaking sink in the bathroom, broken water pipes in the yard, and termites in the basement.[37] Moreover, the next supreme court decision addressing an affirmative defense to unlawful detainer held that the residential tenant could not assert a retaliation claim (based on ordinance): "the court sits as a special statutory tribunal to summarily decide the issues authorized by statute and *not* as a court of general jurisdiction with the power to hear and determine other issues."[38]

The rule was not altogether clear when the supreme

---

[34]*Brickum Inv. Co. v. Vernham Corp.*, 46 Wn. App. 517, 521, 731 P.2d 533 (1987).

[35]83 Wn.2d 22, 31-32, 515 P.2d 160 (1973).

[36]*Young v. Riley*, 59 Wn.2d 50, 52, 365 P.2d 769 (1961).

[37]83 Wn.2d at 24-25.

[38]*Granat v. Keasler*, 99 Wn.2d 564, 571, 663 P.2d 830, *cert. denied*, 464 U.S. 1018, 104 S. Ct. 549, 78 L. Ed. 2d 723 (1983).

court again addressed counterclaims in *Munden v. Hazelrigg*.[39] There the court articulated the exception to the rule of limited jurisdiction: when the counterclaim is based on facts which excuse a tenant's breach, the court must consider it.[40] For example, breach of covenant of habitability (citing *Foisy*) or breach of the covenant of quiet enjoyment.[41] In *Munden*, which again concerned residential real estate, the tenant claimed damage to his car caused by a defect in the premises. Because this did not implicate habitability of the leased premises, it could not be brought when the court only had limited jurisdiction. Likewise, another division of this court recently decided that the lessor's alleged refusal to renew the lease was not within the court's unlawful detainer jurisdiction.[42]

Sound's relationship with Sprincin is commercial. Its complaints focus on common areas:

- the lobby and hallway carpets were dirty, threadbare, wavy and torn. Their condition "is so poor that it constitutes a safety and liability hazard, and may be a safety code violation;"

- the lobby and hallway walls were dirty and gouged, with chipped paint;

- plants were not properly maintained and they died; and

- Sprincin failed to properly maintain and clean decks and walkways.

Sound also alleged that Sprincin's janitorial services fell short of the lease requirements and that burned out light bulbs were not replaced. Still, the tenor of its complaints in this lawsuit is different from those made by Sprincin in its 1994 letters to Sound. Those letters focus on the suit-

---

[39]105 Wn.2d 39, 45, 711 P.2d 295 (1985).

[40]105 Wn.2d at 45.

[41]Citing *Income Properties Inv. Corp. v. Trefethen*, 155 Wash. 493, 284 P. 782 (1930).

[42]*Heaverlo v. Keico Indus.*, 80 Wn. App. 724, 732-33.

ability of premises and the impact of shabby surroundings on Sound's ability to attract fitness club members: "Our business is tough and the shabby appearance of the 83 King Street Building makes it really impossible to look our best when our customers shop several clubs before making a decision."

The type of breach alleged (which focuses as much on suitability as habitability), the level of alleged breach (consider the breaches in *Foisy*),[43] and the commercial as opposed to residential nature of the lease, all support the trial court's decision. Sound's counterclaim, although it states a claim for relief under the court's general jurisdiction, is not grounded in facts which would excuse its failure to pay rent. Thus, the trial court properly refused to consider it.

■ Finally, Sound argues that the trial court should have converted the special unlawful detainer action into a general proceeding. Such a procedure was recognized in *Munden v. Hazelrigg* as a corollary to the general rule of limited jurisdiction. "Where the right to possession ceases to be at issue at any time between the commencement of an unlawful detainer action and trial of that action, the proceeding may be converted into an ordinary civil suit for damages, and the parties may then properly assert any cross claims, counterclaims, and affirmative defenses."[44] And in *Munden*, because the tenants voluntarily vacated the premises before trial, the trial court had the authority to fashion a method to convert the action into a general proceeding. But Sound did not relinquish possession. Instead, Sprincin moved for summary judgment, securing a writ of restitution. Sound vacated after the court issued its writ, although before the Sheriff returned it. Because Sound disputed Sprincin's right to possession,

---

[43]83 Wn.2d 22, 24-5.

[44]*Munden*, 105 Wn.2d at 45.

the court could not convert the action from an unlawful detainer into a general proceeding.

## D.

### *Attorney Fees*

Sprincin moves the court to award appellate attorney fees. The lease allows the prevailing party to recover attorney fees when the landlord brings suit for possession or recovery of sums due under the lease. We agree that Sprincin is entitled to reasonable appellate attorney fees.

We reverse the trial court's refusal to award Sprincin double damages. We affirm its refusal to entertain Sound's counterclaim. We remand for computation of rent and double damages in accordance with our opinion. We also instruct the trial court to include an award for reasonable appellate attorney fees when entering final judgment.

COLEMAN and COX, JJ., concur.