FILED

MAR 15 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, on behalf of US General Services Administration,<br><br>            Plaintiff - Appellee,<br><br>  v.<br><br>TOM McMACKIN,<br><br>            Defendant - Appellant. | No. 10-35734<br><br>D.C. No. 2:09-cv-00337-TSZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted March 6, 2012[**]

Before:    B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

    Tom McMackin appeals pro se from the district court's summary judgment

in an unlawful detainer action brought against McMackin by the United States on

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

behalf of the General Services Administration ("GSA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because McMackin failed to raise a genuine dispute of material fact as to GSA's right to damages and the amount of damages owed.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986) (setting forth summary judgment standard); *Sprincin King St. Partners v. Sound Conditioning Club, Inc.*, 925 P.2d 217, 221-23 (Wash. Ct. App. 1996) (discussing Washington unlawful detainer law and noting that commercial tenant's allegations of breach by landlord did not excuse failure to pay rent).

The district court did not abuse its discretion in denying McMackin's motion to compel discovery of documents that he had previously requested from GSA under the Freedom of Information Act ("FOIA") because McMackin did not demonstrate that he sought these documents through discovery.  See *Preminger v. Peake*, 552 F.3d 757, 768 n.10 (9th Cir. 2008) (district court's discovery rulings are reviewed for abuse of discretion).  Moreover, McMackin neither asserted a FOIA claim, nor showed that he exhausted his administrative remedies under FOIA.  *See United States v. Steele (In re Steele)*, 799 F.2d 461, 465-66

(9th Cir. 1986) (failure to exhaust administrative remedies required under FOIA before seeking judicial review deprives district court of jurisdiction).

McMackin's remaining contentions are unpersuasive.

**AFFIRMED.**