IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| SYHADLEY, LLC,<br><br>                 Respondent,<br><br>       v.<br><br>ADDIE SMITH,<br><br>                 Appellant. | No. 80780-3-I<br>(consolidated with No. 81080-4-I)<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

ANDRUS, A.C.J. — Addie Smith appeals two court orders finding her to be in unlawful detainer status and authorizing the issuance of writs of restitution for her eviction. We affirm.

FACTS

In May 2019, Legacy Partners, Inc. hired Addie Smith as a rental manager for the Hadley Apartments, owned by SyHadley, LLC. Legacy Partners provided Smith an annual salary and a rent credit equal to the market rate for an apartment in the building.

Smith signed a month-to-month lease agreement identifying SyHadley as the owner and Legacy Partners as its managing agent. In the lease, the apartment rent was set at $3,011 a month. In an "Employee Addendum" to the lease, Smith

agreed that if her employment was terminated by Legacy Partners, and Legacy Partners asked Smith to vacate the apartment, she had seven days in which to do so. If she did not vacate, Smith was required to pay the monthly rent.

Legacy Partners terminated Smith's employment on August 7, 2019. On September 18, 2019, Legacy Partners, acting as SyHadley's agent, served Smith with a 14-day notice to vacate for non-payment of rent, and a 20-day notice terminating Smith's month-to-month tenancy. At the time Smith received these notices, she was in arrears by $5,066.29. Smith refused to vacate the apartment or pay the past due rent.

On October 14, 2019, an entity identifying itself as Hadley Landowners, LLC brought an unlawful detainer action against Smith for nonpayment of rent and for not vacating the premises after the landlord terminated the tenancy with a 20-day notice.[1] Hadley Landowners received an order to show cause, requiring Smith to appear for a hearing on November 19, 2019. Smith responded, stating she "has no idea whom 'Hadley Landowner, LLC' is" and that she had not signed a lease with that entity. In her answer to the unlawful detainer complaint, Smith alleged

> Defendant is willing to agree to an eviction proceeding, before a trial by jury, and requests Counterclaim of Promissory estoppel, Wrongful Termination, Discrimination, Retaliation, Harassment and Mental, Social and Physical Abuse, Emotional Distress and Fair Housing violations . . . .

On November 18, 2019, Hadley Landowners filed a motion to amend the caption to identify the plaintiff as SyHadley LLC, the correct name of the owner of

---

[1] The first unlawful detainer complaint bears the King County Superior Court case number of 19-2-28674-1.

the property. The court granted this motion at the start of the November 19 show cause hearing. Smith objected, arguing that she had only received the motion five minutes before the hearing and SyHadley should be required to dismiss the pending unlawful detainer action and properly serve her with pleadings identifying the correct party. The court overruled her objection.

At the November 19 hearing, SyHadley called Christina Jones, the regional manager for Hadley Apartments, to testify about Smith's employment by Legacy Partners, her lease with SyHadley, her termination as rental manager, her refusal to vacate the apartment, and service of the 14-day and 20-day notices to vacate. Jones explained that the apartment rent credit Legacy Partners provided Smith was a benefit of her employment, Smith was not required to live on site, and her employment offer was not conditioned on her doing so.

Smith disputed Jones's testimony and claimed she was told she would not be offered a position unless she moved into an apartment on the property. She admitted she had not paid rent after she was terminated because she could not afford it. She also contended that she was wrongfully discharged, that she had suffered "retaliation, harassment and discrimination based on race and sex" by both her landlord and employer, that her landlord and employer were required by federal law to arbitrate any disputes they had with her, and that the law on federal arbitration preempted state unlawful detainer laws. Smith orally asserted a "counterclaim" for retaliation, harassment and discrimination. The court informed Smith that the law did not permit Smith to assert employment-related counterclaims in an unlawful detainer action and Smith would need to file a

separate lawsuit to make such claims. As for the arbitration clause in her employment contract with Legacy Partners, the court informed Smith that she was "conflating [her] employment action" with the landlord's right to end her tenancy.

The trial court found that Smith was properly served with a notice to pay past due rent or to vacate the premises, that she owed rent in the sum of $11,088.29, and that she had not complied with the requirement to pay rent, and was therefore unlawfully detaining the premises. The court ordered the clerk to issue a writ of restitution to restore the apartment to its owner. The court denied Smith's motion for reconsideration. The clerk issued the writ on November 19, 2019.

On November 22, 2019, Smith filed a notice of appeal to this court. She also sought an emergency stay of execution of the writ of restitution from this court. A commissioner granted a temporary stay to allow the parties to address the amount of appeal bond Smith should post under RCW 59.12.210. On January 16, 2020, the trial court ordered Smith to post a supersedeas bond in the amount of $53,631.85 on or before January 30, 2020 and for the landlord to seek further relief from this court in the event Smith failed to timely post bond or other security. A commissioner of this court denied Smith's objection to the court's supersedeas decision. On February 20, 2020, a panel of this court denied Smith's motion to modify and lifted the temporary stay.

Meanwhile, on January 16, 2020, SyHadley filed a second unlawful detainer action against Smith, alleging that Smith had assaulted another tenant resulting in

her arrest.[2] It again obtained an order to show cause, requiring Smith to appear for a hearing on January 28, 2020.

Smith answered this second unlawful detainer complaint, indicating she had been the victim of racial harassment by tenants in the building and demanded that the disputes with SyHadley be resolved by arbitration.

At a January 28, 2020 show cause hearing, Mike Holt, the Regional Vice President for Legacy Partners, testified that Smith had been employed and then terminated by Legacy Partners after her employer received complaints from current and past residents about her aggressive and demeaning treatment of residents. Brett Wilson, a maintenance supervisor at the apartment complex, testified that on November 26, 2019, he observed Smith physically assault a female tenant and captured the assault on video using his phone. He further testified that as a result of this assault, Smith was arrested and charged with assault in the fourth degree and provoking an assault. SyHadley presented Wilson's video for the court to review.

Smith initially pleaded the Fifth Amendment to the United States Constitution, but then testified that she had been the victim of harassment, stalking, and threats, and that she was merely defending herself from a woman who had grabbed and smashed her cell phone and had reached for a weapon to use against her. Smith admitted she was arrested for assault, while the other woman involved

---

[2] The second unlawful detainer action bears the King County Superior Court number 20-2-01335-8.

in the altercation was not. Smith again argued she had been the victim of retaliation, harassment, and racial discrimination.

The court found that Smith had violated RCW 59.18.130(8) by assaulting another person resulting in her arrest. The court entered judgment in favor of SyHadley and ordered the clerk to issue a writ of restitution. The clerk issued a writ of restitution on January 28, 2020.[3]

On February 4, 2020, Smith appealed the second unlawful detainer order. This court consolidated Smith's two appeals.

ANALYSIS

Smith raises several assignments of error.[4]

Standard of Review

We review a trial court's findings of fact in an unlawful detainer action for substantial evidence, and we review its conclusions of law de novo. Tedford v. Guy, 13 Wn. App. 2d 1, 12, 462 P.3d 869 (2020). Substantial evidence in an unlawful detainer action is "evidence sufficient in quantum to persuade a fair-minded person that a given premise is the truth." Phillips v. Hardwick, 29 Wn. App. 382, 387, 628 P.2d 506 (1981).

---

[3] From the parties' briefing, it appears that Smith has not posted a supersedeas bond but remains a tenant in the apartment.

[4] Smith's eighth assignment of error seeks the reversal and cancellation of "Appellees' Fraudulent Orders of Protection." This assignment of error appears to relate to a protection order that Legacy Partners employee Christina Jones obtained against Smith in district court which was reversed on appeal by King County Superior Court in No. 19-2-33038-4. As there is no appeal pending before this court relating to the protection order proceeding, we decline to address this assignment of error.

RCW 59.18.130(8)

Smith challenges the trial court's order evicting her from SyHadley's apartment complex under RCW 59.18.130. We affirm this order as it is supported by substantial evidence.

RCW 59.18.130(8)(b)(i) provides that a tenant shall "not engage in any activity at the rental premises that . . . [e]ntails physical assaults upon another person which result in an arrest . . . ." Smith contends she should not be evicted for this assault because she was the victim of racial harassment and acted out of self-defense. The trial court rejected this argument below and the record supports the trial court's finding that Smith was the aggressor.

Smith's assault of the resident was captured on video and observed by an eye witness, Brett Wilson. Smith did not deny that an assault occurred; she merely testified that she acted in self-defense. But Smith admitted that she, and not the other woman involved in the altercation, was arrested and charged criminally.

A trier of fact is free to believe or disbelieve a witness. The trial court here evaluated the credibility of Smith's testimony in light of Wilson's personal observations, the video evidence, and Smith's arrest. Its finding that Smith committed an assault means it rejected her testimony of self-defense. We will not review this credibility determination on appeal. Morse v. Antonellis, 149 Wn.2d 572, 574, 70 P.3d 125 (2003).

Based on the record before us, the trial court did not err in ordering Smith evicted for violating RCW 59.18.130(8).

Occupancy as Condition of Employment with Landlord

Smith argues that the trial court could not evict her because the Residential Landlord-Tenant Act (RLTA) does not apply to her tenancy with SyHadley. She relies on RCW 59.18.040(8) which exempts from the scope of the RLTA certain living arrangements, including any "[o]ccupancy by an employee of a landlord whose right to occupy is conditioned upon employment in or about the premises."

First, Smith did not raise this argument during the second unlawful detainer proceeding and therefore waived it as to the order of eviction in that case. RAP 2.5(a). Second, RCW 59.18.040(8) did not preclude an order of eviction in either unlawful detainer proceeding because there was no evidence that Smith was "an employee of a landlord." Smith was employed by Legacy Partners, not SyHadley. Third, Smith failed to prove that her tenancy with SyHadley was a condition of her employment with Legacy Partners. The lease agreement did not make Smith's tenancy conditioned on employment with Legacy Partners. In fact, the lease agreement gave SyHadley the right to terminate the tenancy for any reason on 20 days' notice. RCW 59.18.040(8) does not apply.

Smith's Request for Arbitration

Smith contends the trial court erred in refusing her request to arbitrate the dispute. Smith claimed below that the arbitration clause in her employment agreement with Legacy Partners precluded SyHadley from using the unlawful detainer statute to evict her.

The trial court did not err in concluding that the arbitration clause did not apply to her relationship with her landlord. The employment agreement Smith

signed with Legacy Partners provides that "Legacy Partners and I will utilize binding arbitration to resolve all disputes that may arise out of the employment context." SyHadley sought to evict Smith because she refused to pay rent and she then assaulted another tenant in the building. It was the landlord, SyHadley, who sought to evict her from the building, not her employer, Legacy Partners. Thus, the arbitration clause in her employment agreement did not apply.

Right to Jury Trial

Smith next contends the trial court erred in refusing to grant her request for a jury trial. During the first unlawful detainer proceeding, Smith asked for a jury trial. The trial court did not err in rejecting that request because a jury trial at the initial stage of an unlawful detainer action is not available in such summary proceedings. Tedford, 13 Wn. App. 2d at 10-11. In any event, Smith made no such request in the second unlawful detainer proceeding and, thus, failed to preserve it as to the second order.

Smith's Counterclaim for Retaliation and Discrimination

Smith argues the trial court erred in denying her the right to assert counterclaims against SyHadley.

On appeal, Smith contends that SyHadley breached the covenant of quiet enjoyment by failing to evict tenants who committed racially motivated hate crimes against her. She argues the trial court erred in refusing to allow her to proceed with this counterclaim. This argument fails for several reasons.

First, while Smith raised several counterclaims in the first unlawful detainer proceeding, she did not allege a breach of the covenant of quiet enjoyment. The

only reference we can find to an alleged counterclaim for breach of the covenant of quiet enjoyment is in a declaration Smith submitted on November 20, 2019, after the hearing had concluded. It appears she filed this declaration with a motion for reconsideration. A trial court has discretion not to consider new or additional claims or evidence on a motion for reconsideration. Martini v. Post, 178 Wn. App. 153, 162, 313 P.3d 473 (2013). The trial court's refusal to consider a claim first asserted after the unlawful detainer hearing occurred is not an abuse of discretion.

Second, although Smith alleged in her answer to the second complaint that she had been assaulted by other tenants in the apartment complex, and testified during the second hearing that she had reported the harassment to her supervisors, she did not allege any counterclaims against SyHadley at that time. It would not be the basis for reversing the second order for eviction.

Third, unlawful detainer actions are narrow and "limited to the question of possession and related issues such as restitution of the premises and rent." Angelo Prop. Co., LP v. Hafiz, 167 Wn. App. 789, 809, 274 P.3d 1075 (2012). Generally, counterclaims are not allowed during unlawful detainer proceedings. Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985). "An exception to the general rule is made when the counterclaim, affirmative equitable defense, or setoff is 'based on facts which excuse a tenant's breach.' Examples of such exceptions are: breach of implied warranty of habitability, and breach of covenant of quiet enjoyment." Id. (internal citations omitted).

But not all claims of breach of quiet enjoyment fall within a trial court's unlawful detainer jurisdiction. Angelo Prop., 167 Wn. App. at 812. Because a

landlord may have varying grounds for pursuing an unlawful detainer action, a court must (1) first look at the underlying basis for the landlord's unlawful detainer action as set out in the notice to vacate or the complaint; and (2) then ask whether a tenant's counterclaim is based on facts that may "excuse" the tenant's breach alleged by the landlord. Id. at 814-15.

In Angelo Property, this court held that the trial court could not consider the tenant's counterclaim for breach of the covenant of quiet enjoyment because any breach by the landlord could not excuse the tenant's sale of alcohol to minors, disorderly and lewd conduct, and criminal assaults on the property. Id. at 815-16.

We find this case analogous. The trial court found that Smith assaulted another tenant and was arrested and criminally charged with assault. It clearly rejected Smith's testimony that she acted in self-defense. Even if the landlord breached the covenant of quiet enjoyment by not evicting residents whom Smith claimed were harassing her, it could not excuse her assaulting one of those residents. Had Smith raised this issue in the second unlawful detainer proceeding, the trial court could not have considered it.

As for the claim of retaliation that Smith alleged in the first proceeding, it does not appear she alleged retaliatory eviction under RCW 59.18.250, but instead alleged retaliatory discharge by Legacy Partners. The trial court did not err in concluding that this employment-related claim against Legacy Partners was not an appropriate counterclaim to assert in an unlawful detainer proceeding because it did not relate to Smith's right to remain a tenant in SyHadley's apartment complex.

- 11 -

Amendment of Caption

Finally, Smith argues the trial court erred in permitting SyHadley to amend its caption to change the name of the landlord from Hadley Landowners LLC to SyHadley LLC. We reject this argument as well.

We review a decision to allow a party to amend pleadings for abuse of discretion. Sprague v. Sumitomo Forestry Co., 104 Wn.2d 751, 763, 709 P.2d 1200 (1985).

Smith contends SyHadley did not serve her with a summons in the first unlawful detainer proceeding and she did not receive adequate notice of the motion to amend the caption. As to the first argument, RCW 59.18.365 provides that a summons in an unlawful detainer proceeding must contain the names of the parties to the proceeding, the attorney, the court in which the proceeding has been brought, the nature of the action, the relief sought, the duty to appear and answer within a designated time, and a street address for service of a notice of appearance or answer. Substantial compliance with the statutory requirements will not foreclose a trial court from exercising jurisdiction in an unlawful detainer proceeding. Sprincin King St. Partners v. Sound Conditioning Club, Inc., 84 Wn. App. 56, 61, 925 P.2d 217 (1996). The purpose of the summons is to give notice of the time prescribed by law to answer a complaint and to advise a defendant of the consequences of failing to do so. Id. at 60.

The summons substantially complied with the statute. Although the summons identified the plaintiff as Hadley Land Owner LLC, it referred repeatedly to "the landlord," making it clear that the party seeking to evict Smith was her

- 12 -

landlord. It informed Smith of the need to appear for the show cause hearing and if she failed to show up, "the landlord can evict you."

As to the second argument, a defendant is generally not entitled to dismissal based on a plaintiff's failure to include the plaintiff's name in the caption of a summons and complaint in the absence of demonstrated prejudice. Quality Rock Prods., Inc. v. Thurston County, 126 Wn. App. 250, 272-73, 108 P.3d 805 (2005). Smith fails to demonstrate any prejudice from the court's decision to permit the name change in the caption.

Finally, any defect in the pleadings affected only the first unlawful detainer proceeding. The second eviction summons and complaint properly identified SyHadley as the plaintiff and landlord. Smith does not dispute proper service in the second proceeding. Even if the trial court erred in allowing SyHadley to amend the caption in the first proceeding, it does not affect the validity of the order of eviction in the second proceeding.

Attorney Fees

SyHadley seeks attorney fees on appeal. RAP 18.1(a) allows a prevailing party to recover reasonable attorney's fees if applicable law grants a party the right to recover and the party requests the fees or expenses. We will award attorney fees to the prevailing party when authorized by private agreement, statute, or a recognized ground in equity. Tedford, 13 Wn. App. 2d at 17.

RCW 59.18.410(1) provides for reasonable attorney fees under RCW 59.18.290(3), which states, "Where the court has entered a judgment in favor of

the landlord restoring possession of the property to the landlord, the court may

award reasonable attorneys' fees to the landlord." The lease also provides that

> In the event either party engages, retains or hires an attorney to enforce any provision of this Lease, or any obligation under law, including but not limited to the collection of rent and/or other charges due hereunder, both Owner and Resident agree that, to the fullest extent permissible by law, court costs, prejudgment interest at the judgment rate from the date of default, and reasonable attorney's fees may be awarded to the prevailing party.

Because we affirm judgment in favor of SyHadley, we grant its request for attorney

fees.[5]

We affirm.

_Andrus, A.C.J._

WE CONCUR:

_Mann, C.J._            _Appelwick, J._

---

[5] While Smith also requested attorney fees, she represented herself on this appeal and is not the prevailing party. Self-represented litigants are generally not entitled to attorney fees for their work representing themselves. Mitchell v. Washington State Dept. of Corrections, 164 Wn. App. 597, 608, 277 P.3d 670 (2011). We deny Smith's request for attorney fees on appeal.